**In re Harry Benjamin HILL.**

No. 3:03–BK–21696.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Aug. 16, 2004.

Robert Gibson, for Instant Auto Credit.

David Coop, Chapter 13 Trustee.

Dickerson Law Firm, for Debtor.

***ORDER OVERRULING TRUSTEE'S OBJECTION TO CLAIM IN PART AND WITHDRAWING TRUSTEE'S OBJECTION TO CLAIM IN PART***

AUDREY R. EVANS, Bankruptcy Judge.

Now before the Court is an Objection to Claim filed by the Chapter 13 Trustee (the

"**Trustee**") on January 5, 2004 (docket entry # 38). The Trustee objects to a claim filed by Union Planters Bank ("**Union Planters**") in which Union Planters asserts security interests in the following vehicles: a 1986 International tractor truck, a 1984 GMC gravel truck, a 1991 GMC tractor truck and a 51 'low boy. Union Planters subsequently submitted evidence of its security interest in the 1991 GMC tractor truck and 51 'low boy, and the Trustee has agreed to withdraw its objection with respect to that collateral.

During the trial held on July 7, 2004, the Court heard testimony from Bob Hankins, Vice–President of Union Planters, and received documentary exhibits. Kimberly Woodyard appeared on behalf of the Trustee, and Robert Gibson appeared on behalf of Union Planters. The parties requested the opportunity to file post-trial briefs and were allowed to do so. Upon consideration of the trial testimony, documentary evidence and post-trial briefs, the Court orally ruled on August 4, 2004, making the following findings of fact and conclusions of law in accordance with Rule 7052 (made applicable to contested matters by Rule 9014(c)). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B), and the Court has jurisdiction to enter a final judgment in this case.

The Trustee objects to Union Planters' proof of claim because Union Planters did not attach to its proof of claim certificates of title showing Union Planters as lienholder. It is undisputed that at the time of Debtor's bankruptcy filing, Union Planters could not locate the certificates of title to the vehicles in question. However, Union Planters submitted evidence that in the year 2000, titles were issued on the vehicles in question showing Union Planters as lienholder. Following Debtor's bankruptcy filing, Union Planters obtained replacement titles listing it as lienholder. According-

ing to an affidavit by Roger Duren, a manager in the DFA's Office of Motor Vehicles, replacement titles are only issued to the vehicle's owner or a lienholder that is listed in the DFA's database. Duren affirmed that on both vehicles in question, Union Planters was listed as lienholder in the DFA's database.

■  The legal issue before me is whether Union Planters complied with Arkansas' titling statute such that its security interest in the vehicles is perfected. I find that it did. Arkansas Code Annotated § 27–14–801 provides, in part:

> No ... lien ... upon a vehicle, of a type subject to registration, is valid as against the creditors of an owner acquiring a lien by levy or attachment or subsequent purchasers or encumbrances, with or without notice, *until the requirements of this subchapter have been complied with.*

(Emphasis added.) To perfect a security interest in a vehicle, the statute requires that a creditor file its security agreement (1) with the application for registration (under Ark.Code Ann. § 27–14–802), or (2) at the time it records its lien on the vehicle's statement of origin or an existing certificate of title (under Ark.Code Ann. § 27–14–806). Both methods constitute constructive notice of the lien against the vehicle. (With respect to new certificates of title, see Ark.Code Ann. § 27–14–805, and with respect to existing certificates of title or statements of origin, see Ark.Code Ann. § 27–14–806.)

■  Once the creditor has complied with these requirements and had its security agreement filed with the DFA and its lien noted on the title or statement of origin, its security interest is perfected. There is no requirement under the statute to maintain a copy of the title. Additionally, the statute does not provide that a security interest becomes unperfected if

the title cannot be located. Consequently, because Union Planters followed the statute's requirements and had its liens noted on the vehicles' certificates of title prior to the Debtor's filing bankruptcy, Union Planters has a perfected security interest in the Debtor's 1986 International tractor truck and 1984 GMC gravel truck.

For these reasons, it is hereby

**ORDERED** that the Trustee's Objection to Claim is **OVERRULED** in part (with respect to Union Planter's security interest in Debtor's 1986 International tractor truck and 1984 GMC gravel truck) and **WITHDRAWN** in part (with respect to Union Planter's security interest in Debtor's 1991 GMC tractor truck and 51 'low boy).

**IT IS SO ORDERED.**